IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01723-BNB

PAULA NELSON,

      Plaintiff,

v.

JEFFREY SKEHAN,
CONNIE TROUT,
DAVID G. SKEHAN,
JOHN DOE #1,
BOULDER COUNTY DRUG TASK FORCE,
LAFAYETTE POLICE DEPARTMENT,
LAFAYETTE POLICE CHIEF PAUL SCHULTZ,
DETECTIVE NATHAN VASQUEZ,
JOHN DOE #2,
LAFAYETTE POLICE OFFICER JOHNSON,
LAFAYETTE POLICE DETECTIVE GARY THATCHER,
LAFAYETTE POLICE OFFICERS JOHN DOES 3-8,
LAFAYETTE POLICE OFFICER KEITH CHAGNON,
LAFAYETTE MUNICIPAL COURT,
LAFAYETTE MUNICIPAL JUDGE ROGER BUCHHOLZ,
CITY PROSECUTOR RALPH JOSEPHSON,
THE CITY OF LAFAYETTE,
GARY KLAPHAKE, City Administrator, and
CITY OF LAFAYETTE MAYOR CHRIS CAMERON,
CITY OF LAFAYETTE MAYOR PRO TEM DAVID STRUNGIS,
CITY OF LAFAYETTE COUNCIL MEMBER KERRY BENSMAN,
CITY OF LAFAYETTE COUNCIL MEMBER ALEX SCHATZ,
CITY OF LAFAYETTE COUNCIL MEMBER FRANK PHILLIPS,
CITY OF LAFAYETTE COUNCIL MEMBER CAROLYN CUTLER,
CITY OF LAFAYETTE COUNCIL MEMBER JAY RUGGERI,
OFFICE OF THE DISTRICT ATTORNEY, BOULDER COUNTY COLORADO,

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 2 2009

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

1

Plaintiff, Paula Nelson, initiated this action by filing a *pro se* complaint and a motion seeking leave to proceed *in forma pauperis*. On September 14, 2009, Ms. Nelson filed an amended complaint.

The court must construe the amended complaint liberally because Ms. Nelson is not represented by an attorney. **See *Haines v. Kerner*,** 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. **See *Hall*,** 935 F.2d at 1110. For the reasons stated below, Ms. Nelson will be ordered to file a second amended complaint.

The court has reviewed the amended complaint filed by Ms. Nelson on September 14, 2009, and finds that the amended complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*,** 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See *TV Communications Network, Inc. v. ESPN, Inc.*,** 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. Ms. Nelson fails to provide a short and plain statement of her claims showing that she is entitled to relief. Ms. Nelson asserts thirteen verbose and repetitive claims in the amended complaint.

In addition, Defendants Lafayette Police Department, Lafayette Municipal Court and the City of Lafayette are not proper parties to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Ms. Nelson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. **See *Monell***, 436 U.S. at 694.

Furthermore, Ms. Nelson should take note that a judge is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity. **See *Mireles v. Waco***, 502 U.S. 9, 11-12 (1991); ***Stump v. Sparkman***, 435 U.S. 349, 356-57 (1978); ***Hunt v. Bennett***, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Ms. Nelson also must assert personal participation by each named defendant. **See *Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

personal participation, Ms. Nelson must name and show how a named defendant caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Ms. Nelson fails to allege the personal participation of all named Defendants in her Amended Complaint.

Finally, the majority of Ms. Nelson's allegations are in regard to Defendants Jeffrey Skehan, Connie Trout and David G. Skehan. The gist of her complaint appears to be that these Defendants "plotted to steal the property of the Plaintiff in May or June of 2007." Amended Complaint at 7. She apparently asserts these claims pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). However, Ms. Nelson fails to allege that Defendants Jeffrey Skehan, Connie Trout and David G. Skehan were acting under color of state law.

"[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private

4

conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Therefore, Ms. Nelson will be directed to file an amended complaint in which she explains how Defendants Jeffrey Skehan, Connie Trout and David G. Skehan were acting under color of state law if she wishes to pursue her constitutional claims against these Defendants. In order to satisfy the under-color-of-state-law element, Ms. Nelson must show that she was deprived of a federal right through conduct that is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Ms. Nelson's also appears to assert a conspiracy claim pursuant to 42 U.S.C. § 1985. Ms. Nelson does not allege under which subsection she is asserting this claim. However, it is clear that her claim does not arise under either § 1985(1), which pertains to a conspiracy to prevent an officer of the United States from performing his or her duties, or § 1985(2), which pertains to a conspiracy to intimidate a party, witness, or juror in a matter pending before a court of the United States or other obstruction of

justice. Therefore, Ms. Nelson's claim must be asserted pursuant to § 1985(3). However, the amended complaint is deficient because Ms. Nelson fails to allege sufficient facts to support a claim under § 1985(3). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

If Ms. Nelson wishes to pursue a claim pursuant to § 1985(3), she must provide the necessary factual allegations to support such a claim in the second amended complaint she will be ordered to file. Based on the factual allegations in the amended complaint, Ms. Nelson apparently is basing her § 1985(3) claim on a non-racially motivated private conspiracy.

> In short, to state a claim under 42 U.S.C. § 1985(3) for a non-racially motivated private conspiracy, if indeed such a claim can be stated, it is necessary to plead, *inter alia*:
>
> 1. that the conspiracy is motivated by a class-based invidiously discriminatory animus; and
>
> 2. that the conspiracy is aimed at interfering with rights that by definition are protected against private, as well as official, encroachment.

*Tilton*, 6 F.3d at 686.

For these reasons, Ms. Nelson will be ordered to file a second amended complaint if she wishes to pursue her claims in this action. Accordingly, it is

6

ORDERED that Ms. Nelson file, **within thirty (30) days from the date of this order**, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Nelson, together with a copy of this order, two copies of the following form: Complaint. It is

FURTHER ORDERED that, if Ms. Nelson fails within the time allowed to file a second amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED September 22, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01723-BNB

Paula Nelson
338 Chinook Avenue
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on 9/22/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk