IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01723-BNB

PAULA NELSON,

    Plaintiff,

v.

JEFFREY SKEHAN,
CONNIE TROUT,
DAVID G. SKEHAN,
JOHN DOE #1,
BOULDER COUNTY DRUG TASK FORCE,
LAFAYETTE POLICE DEPARTMENT,
LAFAYETTE POLICE CHIEF PAUL SCHULTZ,
DETECTIVE NATHAN VASQUEZ,
LAFAYETTE POLICE OFFICER JAMES JOHNSON,
LAFAYETTE POLICE SERGEANT MASCHKA,
LAFAYETTE POLICE DETECTIVE GARY THATCHER,
LAFAYETTE POLICE OFFICERS JOHN DOES 3-8,
LAFAYETTE POLICE OFFICER KEITH CHAGNON,
LAFAYETTE MUNICIPAL COURT,
ROGER BUCHHOLZ, Lafayette Municipal Judge,
RALPH JOSEPHSON, Prosecutor for the City of Lafayette,
THE CITY OF LAFAYETTE,
GARY KLAPHAKE, Administrator City of Lafayette,
CHRIS CAMERON, Mayor of the City of Lafayette,
DAVID WILLIAMSON, Attorney for the City of Lafayette,
DAVID STRUNGIS, Mayor Pro Tem City of Lafayette,
KERRY BENSMAN, Council Member - City of Lafayette,
ALEX SCHATZ, Council Member - City of Lafayette,
FRANK PHILLIPS, Council Member - City of Lafayette,
CAROLYN CUTLER, Council Member - City of Lafayette, and
JAY RUGGERI, Council Member - City of Lafayette,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 24 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Paula Nelson, initiated this action by filing a *pro se* complaint and a motion seeking leave to proceed *in forma pauperis*. On September 14, 2009, Ms. Nelson filed an amended complaint. On September 22, 2009, Magistrate Judge Boyd N. Boland determined that the amended complaint was deficient because it failed to allege the personal participation of the named defendants and failed to comply with Fed. R. Civ. P. 8. Accordingly, Magistrate Judge Boland ordered Ms. Nelson to file a second amended complaint. After receiving an extension of time, Ms. Nelson filed a second amended complaint on November 2, 2009. The second amended complaint asserts jurisdiction pursuant to 42 U.S.C. § 1985(3) and 42 U.S.C. § 1983, and supplemental jurisdiction over numerous state law claims pursuant to 28 U.S.C. § 1367.

The Court must construe the second amended complaint liberally because Ms. Nelson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint will be dismissed.

Ms. Nelson presents nine claims for relief in the second amended complaint, although the claims are repetitious and intertwined. In general, Ms. Nelson asserts that Defendants Jeffrey Skehan and Connie Trout stole jewelry from her, and that various City of Lafayette officials and police officers either failed to intervene to recover her lost property, or protected Defendants Skehan and Trout from prosecution for the theft. Ms. Nelson also asserts that on November 23, 2007, she was involved in a car accident with a bicyclist, and that numerous constitutional violations arose from the subsequent

police investigation and trial in municipal court.

As set forth above, Ms. Nelson asserts that Defendants Jeffrey Skehan, Connie Trout, and "a vagrant known as Alex," John Doe # 1, "stole personal and business property belongint [sic] to the Plaintiff from . . . her business premises, and . . . her home, which were located in Lafayette, Colorado." Second Amended Complaint at 9. Ms. Nelson also asserts that Defendant David G. Skehan is an accessory to the theft because he took physical possession of the allegedly stolen property after Defendant Jeffrey Skehan delivered it to him in Florida. *Id.* at 13-15.

However, as Magistrate Judge Boland noted in his September 22, 2009, Order for a Second Amended Complaint, § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." **Conn v. Gabbert**, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." **Wyatt v. Cole**, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." **Am. Mfrs. Mut. Ins. Co. v. Sullivan**, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who "'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" **NCAA v. Tarkanian**, 488 U.S. 179, 191 (1988) (quoting **Monroe v. Pape**, 365 U.S. 167, 172 (1961)).

In order to satisfy the under-color-of-state-law element, Ms. Nelson must show

that she was deprived of a federal right through conduct that is "fairly attributable to the State." ***Lugar v. Edmondson Oil Co.***, 457 U.S. 922, 937 (1982). In other words,

> the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.

*Id*.

Ms. Nelson alleges that Defendants Jeffrey Skehan and Connie Trout "accepted the protection of the Lafayette Police for their illegal acts." Second Amended Complaint at 12. However, this bare allegation is not sufficient to demonstrate that these private citizens were acting under color of state law when they allegedly deprived Ms. Nelson of her property. The facts alleged by Ms. Nelson with regard to these Defendants do not demonstrate that she was denied equal protection or due process by a person acting under color of state law. Therefore, because Ms. Nelson fails to allege facts that demonstrate Defendants Jeffrey Skehan, Connie Trout, John Doe # 1 or David G. Skehan were acting under color of state law, the constitutional claims against these Defendants pursuant to § 1983 lack merit and must be dismissed.

Ms. Nelson also asserts claims pursuant to 42 U.S.C. § 1985(3). "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." ***Tilton v. Richardson***, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory

4

animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). The Tenth Circuit narrowly construes the requirement of class-based animus, *Tilton*, 6 F.3d at 686, and generally courts do not find such motivation "in cases involving allegations of classes that were not readily recognizable or that tended to be defined by one particular activity or by plaintiff's individual situation and that were not traditionally among those groups protected by the civil rights laws." *Silkwood v. Kerr-McGee Corp.*, 460 F.Supp. 399, 405 (W.D. Okla. 1978). Although Ms. Nelson states that she is a "poor person" and that she is "mentally impaired," Ms. Nelson does not allege that she is a member of a class protected by section 1985 nor does she allege discriminatory animus. Second Amended Complaint at 6. Accordingly, Ms. Nelson fails to allege sufficient facts to support a claim under § 1985(3) and the claim will be dismissed.

Ms. Nelson's second amended complaint also suffers from other deficiencies. First, Defendants Boulder County Drug Task Force, Lafayette Police Department, Lafayette Municipal Court and the City of Lafayette are not proper parties to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Ms. Nelson cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694. Ms. Nelson fails to identify any municipal policy or

custom that would support a claim against these Defendants, and therefore, Defendants Boulder County Drug Task Force, Lafayette Police Department, Lafayette Municipal Court and the City of Lafayette will be dismissed from this action. **See City of Canton, Ohio**, 489 U.S. at 385; **Hinton**, 997 F.2d at 782.

Second, Ms. Nelson asserts that Defendant Roger Buchholz, Lafayette Municipal Judge, violated her rights to due process and equal protection during her municipal trial. Ms. Nelson was convicted in municipal court of failing to yield the right of way after she apparently hit a bicyclist with her car. Second Amended Complaint at 29-22. Ms. Nelson alleges, *inter alia*, that Defendant Judge Buchholz taunted her during the trial, coached a witness, and accepted hearsay testimony. *Id.* at 30. However, Defendant Judge Buchholz is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. **See Mireles v. Waco**, 502 U.S. 9, 11-12 (1991); **Stump v. Sparkman**, 435 U.S. 349, 356-57 (1978); **Hunt v. Bennett**, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Defendant Buchholz's actions during Ms. Nelson's trial are actions taken in his judicial capacity. The Court finds no indication that Defendant Buchholz was acting in the clear absence of all jurisdiction. A claim against a defendant who clearly is immune from suit is legally frivolous. **Neitzke v. Williams**, 490 U.S. 319, 327 (1989). Therefore, Defendant Judge Buchholz is an inappropriate party to this action based on absolute immunity.

Third, Ms. Nelson alleges that Defendant Ralph Josephson, Prosecutor for the City of Lafayette, "should have dropped the [municipal] case because there was no way he could prove *mens rea* or *actus reus*." Second Amended Complaint at 30. A

prosecutor acting within the scope of his duties enjoys absolute immunity from suit under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Prosecutors are provided absolute immunity because exposing them to § 1983 lawsuits springing from their official activities "would divert '[their] energy and attention . . . from the pressing duty of enforcing the criminal law.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430-31)). However, prosecutorial immunity does not generally extend to "those aspects of the prosecutor's responsibility that cast him in the role of an administrator or investigative officer rather than that of advocate." *Imbler*, 424 U.S. at 430-31. In addition, "'[a]bsolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously, or because the criminal defendant ultimately prevailed on appeal or in a habeas corpus proceeding.'" *Grant*, 870 F.2d at 1138 (citation omitted).

Here, Ms. Nelson's allegations involve no more than acts that are "'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). With respect to the prosecutorial activities in which Defendant Josephson was involved in Ms. Nelson's municipal case, he enjoys immunity from suit under § 1983. *See Imbler*, 424 U.S. at 420-24. A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, Defendant Ralph Josephson is an inappropriate party to this action based on absolute immunity.

Fourth, with respect to Defendant Lafayette Police Officer James Johnson, Ms.

7

Nelson alleges that her right to due process was violated when Defendant Johnson "declared the theft of the Plaintiff's property a civil matter by assuming the validity of contracts that did not exist but were only alleged by Connie Trout and Jeffrey Skehan." Second Amended Complaint at 16. Ms. Nelson further asserts that when Defendant Johnson investigated Ms. Nelson's complaint of theft on July 6, 2007, that he was not "fit for duty." *Id.* at 19. She also alleges that Defendant Lafayette Police Sergeant Maschka participated in violating her right to due process when he "made an administrative decision to back the conclusions of Officer Johnson." *Id.* Finally, she alleges that Defendant Lafayette Police Detective Gary Thatcher failed to investigate the crime and failed to supervise Defendant Johnson. *Id.* at 20.

Here, Ms. Nelson appears to assert that her right to due process was violated because of the named Defendants' failure to investigate and prosecute the crimes allegedly committed against her. She apparently takes issue with the Defendants' decision to characterize the dispute as a civil matter, instead of a criminal one.

In order to succeed on a section 1983 claim, a plaintiff must prove two elements: (1) she was deprived of a right secured by the Constitution and laws of the United States, and (2) the defendant was acting under color of state law. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Ms. Nelson's allegations do not satisfy the first requirement, because she does not allege that she was deprived of a right secured by the Constitution or federal law. The gist of Ms. Nelson's complaint against these Defendants is that they failed to treat the theft of her property as a criminal matter, and failed to arrest and prosecute Jeffrey Skehan and Connie Trout. However,

it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." ***Leeke v. Timmerman***, 454 U.S. 83, 85-86 (1981); ***Linda R.S. v. Richard D.***, 410 U.S. 614, 619 (1973); *see also* ***Doyle v. Oklahoma Bar Ass'n***, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (noting that a plaintiff has no federal right to the prosecution of another). This is because "it would be contrary to public policy to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective." ***Doyle***, 998 F.2d at 1567 (citing ***Dohaish v. Tooley***, 670 F.2d 934, 937 (10th Cir 1982)). Accordingly, Ms. Nelson's constitutional claims against Defendants Johnson, Maschka and Thatcher pursuant to § 1983 lack merit and must be dismissed.

Fifth, with respect to Ms. Nelson's claims against Defendant Lafayette Police Officer Keith Chagnon, she asserts that after a bicyclist "drove in front of [her] car," on November 23, 2007, that Defendant Chagnon "responded to the call." Second Amended Complaint at 24. She further alleges that Defendant Chagnon made a "presumption of guilt" and "filed a false report incriminating the Plaintiff." *Id.* at 20, 25. Ms. Nelson alleges that she was convicted of the traffic violation in municipal court, but it is not clear whether she was incarcerated, or merely paid a fine. Although Ms. Nelson styles her claim against Defendant Chagnon as a "constitutional violation" and a "failure to investigate," the Court construes this as a claim for malicious prosecution.

A malicious prosecution claim pursuant to section 1983 requires that a plaintiff show that (1) the defendant caused the plaintiff's prosecution; (2) the original action terminated in the plaintiff's favor; (3) there was no probable cause to support the

9

prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages. *See Novitsky v. City of Aurora*, 491 F.3d 1244, 1257-58 (10th Cir. 2007). Ms. Nelson's allegations against Defendant Chagnon are bare and conclusory. Further, because she admits that the action in municipal court resulted in her conviction for a traffic violation, and did not terminate in her favor, Ms. Nelson cannot maintain a claim for malicious prosecution. Accordingly, Ms. Nelson's constitutional claims against Defendant Chagnon pursuant to § 1983 lack merit and must be dismissed.

Sixth, as Magistrate Judge Boland explained in the September 22, 2009, Order for a Second Amended Complaint, for Ms. Nelson "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). That is, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and a defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

A defendant may not be held liable based on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A

supervisor is not liable under Section 1983 "unless the plaintiff demonstrates '[a]n affirmative link' between the occurrence of the constitutional deprivation and the adoption of any plan or policy - express or otherwise - *showing their authorization or approval of such misconduct.*" ***D.T. by M.T. v. Indep. Sch. Dist. No. 16 of Pawnee County***, 894 F.2d 1176, 1187 (10th Cir. 1990) (emphasis in original) (quoting ***Rizzo v. Goode***, 423 U.S. 362, 371 (1976)). Therefore, "the plaintiff must establish 'a deliberate, intentional act by the supervisor to violate constitutional rights.'" ***Jenkins v. Wood***, 81 F.3d 988, 995 (10th Cir. 1996) (quoting ***Woodward v. City of Worland***, 977 F.2d 1392, 1399 (10th Cir. 1992)). This standard is met where the plaintiff shows that the supervisor directed the constitutional violation or had actual knowledge of and acquiesced in the violation. *Id.*

Ms. Nelson apparently seeks to hold Defendants Lafayette Police Chief Paul Schultz, Detective Nathan Vasquez, Lafayette Police Officers John Does 3-8, Gary Klaphake, Chris Cameron, David Williamson, David Strungis, Kerry Bensman, Alex Schatz, Frank Phillips, Carolyn Cutler and Jay Ruggeri liable in their supervisory capacities for the actions of Defendants Johnson, Maschka and Thatcher. However, Ms. Nelson has not demonstrated an "affirmative link" between the named Defendants and the alleged constitutional violations such that she could satisfy the supervisory liability standard. Permitting Ms. Nelson to proceed with her claims against these Defendants would violate the established principle that "there is no concept of strict supervisory liability under § 1983." ***Jenkins***, 81 F.3d at 994. Therefore, Defendants Lafayette Police Chief Paul Schultz, Detective Nathan Vasquez, Lafayette Police

Officers John Does 3-8, Gary Klaphake, Chris Cameron, David Williamson, David Strungis, Kerry Bensman, Alex Schatz, Frank Phillips, Carolyn Cutler and Jay Ruggeri will be dismissed as parties to this action for lack of personal participation. Accordingly, because Ms. Nelson cannot maintain a claim against any of the named Defendants, the second amended complaint and the action will be dismissed.

Finally, Ms. Nelson appears to assert a number of state law claims, including theft, fraud, assault, battery, extortion, receipt of stolen goods, slander, and outrageous conduct. Nonetheless, the Court declines to exercise supplemental jurisdiction over Ms. Nelson's state law claims because the constitutional claims over which the Court has original jurisdiction will be dismissed. ***See*** 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Court declines to exercise supplemental jurisdiction over Ms. Nelson's state law claims. It is

FURTHER ORDERED that the Second Amended Complaint and Action are dismissed. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 23 day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01723-BNB

Paula Nelson
338 Chinook Avenue
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/24/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk