IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01723-ZLW

PAULA NELSON,

    Plaintiff,

v.

JEFFREY SKEHAN,
CONNIE TROUT,
DAVID G. SKEHAN,
JOHN DOE #1,
BOULDER COUNTY DRUG TASK FORCE,
LAFAYETTE POLICE DEPARTMENT,
LAFAYETTE POLICE CHIEF PAUL SCHULTZ,
DETECTIVE NATHAN VASQUEZ,
LAFAYETTE POLICE OFFICER JAMES JOHNSON,
LAFAYETTE POLICE SERGEANT MASCHKA,
LAFAYETTE POLICE DETECTIVE GARY THATCHER,
LAFAYETTE POLICE OFFICERS JOHN DOES 3-8,
LAFAYETTE POLICE OFFICER KEITH CHAGNON,
LAFAYETTE MUNICIPAL COURT,
ROGER BUCHHOLZ, Lafayette Municipal Judge,
RALPH JOSEPHSON, Prosecutor for the City of Lafayette,
THE CITY OF LAFAYETTE,
GARY KLAPHAKE, Administrator City of Lafayette,
CHRIS CAMERON, Mayor of the City of Lafayette,
DAVID WILLIAMSON, Attorney for the City of Lafayette,
DAVID STRUNGIS, Mayor Pro Tem City of Lafayette,
KERRY BENSMAN, Council Member - City of Lafayette,
ALEX SCHATZ, Council Member - City of Lafayette,
FRANK PHILLIPS, Council Member - City of Lafayette,
CAROLYN CUTLER, Council Member - City of Lafayette, and
JAY RUGGERI, Council Member - City of Lafayette,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 1 2009

GREGORY C. LANGHAM
                    CLERK

ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the *pro se* pleading titled "Rule 59(E) Motion to Alter or Amend Judgment," that Plaintiff Paula Nelson filed with the Court on November 29, 2009. The Court must construe the Motion for Reconsideration liberally because Ms. Nelson is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nonetheless, for the reasons stated below, the Motion for Reconsideration will be denied.

After finding that Ms. Nelson could not maintain a claim against any of the named Defendants, the Court dismissed the second amended complaint and the action on November 24, 2009. The reasons for the dismissal are explained in detail in the November 24, 2009, Order of Dismissal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion for reconsideration filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990).

Case 1:09-cv-01723-ZLW Document 21 Filed 12/11/09 USDC Colorado Page 3 of 5


"It is well settled that an order dismissing the action . . . is a final judgment." ***Sherr v. Sierra Trading Corp.***, 492 F.2d 971, 978 (10th Cir. 1974). The November 24, 2009, Order dismissed the action. The instant Motion for Reconsideration was filed on November 29, 2009. Ms. Nelson filed the Motion within ten days of the final judgment in the instant action. The Motion, therefore, was properly filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the complaint and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). ***See Van Skiver***, 952 F.2d at 1244. The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. ***See Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion and the entire file, the Court concludes that Ms. Nelson fails to demonstrate that any of the three major grounds justifying reconsideration exist in her case. Accordingly, Ms. Nelson fails to demonstrate some reason why the Court should alter or amend the November 24, 2009, Order of Dismissal in this action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that the Motion for Reconsideration (Doc. # 20), filed November 29, 2009, is denied.

DATED at Denver, Colorado, this 11 day of December, 2009.

BY THE COURT:

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01723-ZLW

Paula Nelson
338 Chinook Avenue
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/11/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk